**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: December 1, 2017**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:                                      Case No.:  __18-22503__

Jose L. Quesada                             Judge:     __SLM__

Debtor(s)

### Chapter 13 Plan and Motions

☐ Original           ☒ Modified/Notice Required        Date: __8/23/18__

☐ Motions Included   ☐ Modified/No Notice Required


THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __PDV__    Initial Debtor: __JQ__    Initial Co-Debtor: _____

| Part 1: | Payment and Length of Plan |
|---|---|

a. The debtor shall pay $ __1,735.00__ per __Month__ to the Chapter 13 Trustee, starting on __9/1/18__ for approximately __58__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

Debtor will commence to pay $1,735.00 as of 9/1/18 to account for the POC filed by HUD

| Part 2: | Adequate Protection ☒ NONE |
|---|---|

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

| Part 3: | Priority Claims (Including Administrative Expenses) |
|---|---|

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ |
| DOMESTIC SUPPORT OBLIGATION | | |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
   Check one:
   ☐ None
   ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Cenlar | Mortgage on real property: 90 Westminster Garfield NJ | $20,000.00 | | $20,000.00 | $1,752.50 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506:** ☐ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☒ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ☒ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

### f. Secured Claims Unaffected by the Plan ☐ NONE

The following secured claims are unaffected by the Plan:

Debtor continue making payments to Westlake Financial $307.43

| g. Secured Claims to be Paid in Full Through the Plan:  ☐ NONE |||
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
| US Dept of Housing and Urban Development | Real Property: 90 Westminster Pl. Garfield NJ | $56,663.75 |

### Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than ____100____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

### Part 6: Executory Contracts and Unexpired Leases ☐ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

### Part 7: Motions ☒ NONE

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

**a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).** ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Administrative Claims
3) Priority and Secured
4) Unsecured

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification ☐ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____6/14/18_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To address POC by HUD | Trustee payment will increase to $1,735.00 as of 9/1/18 |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 8/23/18

_____
Attorney for the Debtor

Date: 8-23-18

_____
Debtor

Date: _____

_____
Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 8/23/18

_____
Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 8-23-18

_____
Debtor

Date: _____

_____
Joint Debtor

```
                           United States Bankruptcy Court
                               District of New Jersey
In re:                                                      Case No. 18-22503-SLM
Jose L. Quesada                                             Chapter 13
      Debtor
                              CERTIFICATE OF NOTICE
District/off: 0312-2           User: admin                  Page 1 of 2              Date Rcvd: Sep 06, 2018
                               Form ID: pdf901              Total Noticed: 32


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 08, 2018.
db          +Jose L. Quesada,    90 Westminster Pl.,    Garfield, NJ 07026-1333
cr          +United Teletech Financial FCU,    Attn: Michael R. DuPont, Esq,    229 Broad St.,   PO Box 610,
              Red Bank, NJ 07701-0610
517603451   +Eos Cca,    Attn: Bankruptcy,    Po Box 329,   Norwell, MA 02061-0329
517603453   +First Premier Bank,    Po Box 5524,    Sioux Falls, SD 57117-5524
517729012   +HomeBridge Financial Services, Inc.,     c/o Cenlar FSB,   425 Phillips Boulevard,
              Ewing, NJ 08618-1430
517603454   +I C System Inc,    444 Highway 96 East,    P.O. Box 64378,   St. Paul, MN 55164-0378
517603457   +South Shore Bank,    Attn: Bankruptcy,    Po Box 151,   Weymouth, MA 02188-0904
517603458   +The Bureaus Inc,    650 Dundee Rd,    Suite 370,   Northbrook, IL 60062-2757
517617997   +The Bureaus, Inc.,    c/o of PRA Receivables Management, LLC,    PO Box 41021,
              Norfolk, VA 23541-1021
517629029   +U.S. Department of Housing and Urban Development,     451 7th Street S.W.,
              Washington, DC 20410-0002
517603459  ++WELLS FARGO BANK NA,    1 HOME CAMPUS,    MAC X2303-01A,   DES MOINES IA 50328-0001
             (address filed with court: Wells Fargo Bank,     Attn: Bankruptcy Dept,   Po Box 6429,
              Greenville, SC 29606)
517691962    Wells Fargo Bank, N.A.,    Wells Fargo Card Services,    PO Box 10438, MAC F8235-02F,
              Des Moines, IA 50306-0438

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: usanj.njbankr@usdoj.gov Sep 06 2018 23:11:56      U.S. Attorney,   970 Broad St.,
              Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 06 2018 23:11:53      United States Trustee,
              Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
              Newark, NJ 07102-5235
517603447    E-mail/Text: bnc-applied@quantum3group.com Sep 06 2018 23:12:17      Applied Bank,
              4700 Exchange Court,   Boca Raton, FL 33431
517603448   +E-mail/Text: smacknowski@msscuso.com Sep 06 2018 23:12:24      Aspire Fcu,
              67 Walnut Ave Ste 401,    Clark, NJ 07066-1696
517657715   +E-mail/Text: laura@redbanklaw.com Sep 06 2018 23:10:54      Aspire Federal Credit Union,
              C/O McKenna, DuPont, Higgins & Stone,    229 Broad Street,   PO Box 610,
              Red Bank NJ 07701-0610
517660182   +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 06 2018 23:17:01
              Bureaus Investment Group Portfolio No 15 LLC,    c/o PRA Receivables Management, LLC,
              PO Box 41021,   Norfolk VA 23541-1021
517729700   +E-mail/Text: bncmail@w-legal.com Sep 06 2018 23:12:04      CarePoint Health - Physican GSHA,
              C O WEINSTEIN & RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
517603449   +E-mail/Text: ering@cbhv.com Sep 06 2018 23:11:50      Collection Bureau Hudson Valley, Inc.,
              155 North Plank Road,    Po Box 831,   Newburgh, NY 12551-0831
517603450   +E-mail/Text: bankruptcy_notifications@ccsusa.com Sep 06 2018 23:12:43
              Credit Collections Services,    Attention: Bankruptcy,   725 Canton Street,
              Norwood, MA 02062-2679
517711106   +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 06 2018 23:17:41      Directv, LLC,
              by American InfoSource as agent,    4515 N Santa Fe Ave,   Oklahoma City, OK 73118-7901
517603452   +E-mail/Text: bknotice@ercbpo.com Sep 06 2018 23:12:01      ERC/Enhanced Recovery Corp,
              Attn: Bankruptcy,   8014 Bayberry Road,    Jacksonville, FL 32256-7412
517603455    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 06 2018 23:17:35
              Portfolio Recovery,   Po Box 41067,    Norfolk, VA 23541
517714827    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 06 2018 23:17:01
              Portfolio Recovery Associates, LLC,    c/o Capital One Bank (USA), N.a.,   POB 41067,
              Norfolk VA 23541
517704857   +E-mail/Text: JCAP_BNC_Notices@jcap.com Sep 06 2018 23:12:10      Premier Bankcard, Llc,
              Jefferson Capital Systems LLC Assignee,    Po Box 7999,   Saint Cloud Mn 56302-7999
517657758    E-mail/Text: bnc-quantum@quantum3group.com Sep 06 2018 23:11:47
              Quantum3 Group LLC as agent for,    Sadino Funding LLC,   PO Box 788,
              Kirkland, WA 98083-0788
517603456   +E-mail/Text: Supportservices@receivablesperformance.com Sep 06 2018 23:12:37
              Receivables Performance Mgmt,    Attn: Bankruptcy,   Po Box 1548,   Lynnwood, WA 98046-1548
517729701   +E-mail/Text: bncmail@w-legal.com Sep 06 2018 23:12:04      SYNCHRONY BANK,
              c/o Weinstein & Riley, PS,    2001 Western Ave., Ste 400,    Seattle, WA 98121-3132
517623581   +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 06 2018 23:17:06      T Mobile/T-Mobile USA Inc,
              by American InfoSource LP as agent,    4515 N Santa Fe Ave,   Oklahoma City, OK 73118-7901
517662454   +E-mail/Text: bankruptcynotice@westlakefinancial.com Sep 06 2018 23:11:54
              WESTLAKE FINANCIAL SERVICES,    4751 WILSHIRE BLVD,   SUITE 100,   LOS ANGELES CA 90010-3847
517603460   +E-mail/Text: bankruptcynotice@westlakefinancial.com Sep 06 2018 23:11:54
              Westlake Financial Services,    Customer Care,   Po Box 76809,   Los Angeles, CA 90076-0809
                                                                                               TOTAL: 20

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

```
District/off: 0312-2          User: admin                Page 2 of 2               Date Rcvd: Sep 06, 2018
                              Form ID: pdf901            Total Noticed: 32
```

***** BYPASSED RECIPIENTS (continued) *****

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 08, 2018                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 30, 2018 at the address(es) listed below:

```
          Kevin Gordon McDonald    on behalf of Creditor   HomeBridge Financial Services, Inc.
           kmcdonald@kmllawgroup.com,  bkgroup@kmllawgroup.com
          Marie-Ann  Greenberg    magecf@magtrustee.com
          Michael R. DuPont    on behalf of Creditor    United Teletech Financial FCU dupont@redbanklaw.com,
           dana@redbanklaw.com
          Paola D. Vera    on behalf of Debtor Jose L. Quesada pvera@cabanillaslaw.com,
           bankruptcy@cabanillaslaw.com;r64840@notify.bestcase.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                           TOTAL: 5
```